IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| WILLIE LEE SUELL | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO.  6:14cv118 |
| | § | |
| v. | § | JUDGE _____ |
| | § | |
| REYNOLDS & KAY, LTD. | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Comes now Plaintiff Willie Lee Suell, who for his original complaint states as follows:

**I**

**Preliminary Statement**

1.  Plaintiff Willie Lee Suell commences this action pursuant to 42 U.S.C. § 1981 which in relevant part prohibits discrimination in employment based upon an employee's race and retaliation for opposing race discrimination.

2.  Plaintiff Suell was employed by Defendant Reynolds & Kay, Ltd.  On or about August 13, 2013, Plaintiff Suell was cussed out and called a racial epithet by his supervisor.  When Plaintiff Suell contacted the head office about this incident, he was told to go home and come back the next day.  Instead, when Plaintiff Suell returned to work he was terminated, allegedly for walking off the job.  Plaintiff contends that he was terminated as a result of his race, African-American and his opposition to race discrimination.

3.  Plaintiff Suell brings this cause of action to vindicate his rights guaranteed by 42 U.S.C. § 1981.  Plaintiff Suell seeks the full measure of available relief under 42 U.S. C. § 1981, including

equitable, declaratory, injunctive, compensatory and punitive remedies, as well as statutory attorney's fees and costs.

## II

## **Jurisdiction**

4. This Court has jurisdiction over Plaintiff Suell's claims pursuant to 28 U.S.C. § 1331, which creates original jurisdiction for this Court over all civil actions arising under the Constitution, laws, or treaties of the United States.

## III

## **Parties**

Plaintiff

5. Plaintiff Willie Suell is and was at all times relevant hereto a citizen of the United States and a resident of Smith County, Texas.

Defendant

6. Defendant Reynolds & Kay, Ltd. Is a domestic business doing business in the State of Texas. Defendant Reynolds & Kay, Ltd. may be served through its registered agent for process, L. T. Kay, 2700 S. Southwest Loop 323, Tyler, TX 75701.

## IV

## **Facts**

7. Plaintiff Willie Lee Suell is an African-American male.

8. Plaintiff Suell was at all times relevant hereto an employee of Defendant Reynolds & Kay, Ltd. and is entitled to the protections of 42 U.S.C. § 1981.

9. At all times relevant hereto, Plaintiff Suell was a competent, qualified, loyal and conscientious employee.

10. Plaintiff Suell worked putting in manholes in the street for Defendant Reynolds & Kay, Ltd.

11. Plaintiff Suell worked under Supervisor Gary Terry. Supervisor Terry frequently cussed at the employees. He also made it clear that he did not like having employees of other races, particularly African-Americans. Supervisor Terry rarely had African-Americans on his crew. He also clearly treated the white members of his crew better than employees of other races.

12. On or about August 13, 2013, Plaintiff Suell was cussed out and called a racial epithet by his supervisor. Specifically, Plaintiff Suell was called a "mother fucking nigger."

13. Plaintiff Suell contacted the head office about this incident. He was told to go home and come back the next day.

14. When Plaintiff Suell returned to work he was terminated, allegedly for walking off the job. Plaintiff Suell never walked off the job. Instead, he was terminated after doing what the head office told him to do when he was called a racially derogatory term.

15. Plaintiff contends that he was terminated as a result of his race, African-American and his opposition to race discrimination in that he reported same to the head office.

16. Based upon information and belief, African-American employees are subjected to different terms and conditions of employment than white employees at Defendant Reynolds & Kay, Ltd.

17. Defendant's conduct, complained of above, including actions and omissions, proximately caused Plaintiff Suell to suffer mental, emotional and psychological damages, as well as lost pay, including fringe benefits.

18. All of Defendant Reynolds & Kay, Ltd.'s wrongful acts and omissions as set out above were wanton, malicious, and done in conscious disregard of and with deliberate indifference to the rights and needs of Plaintiff Suell, rendering appropriate an award of punitive damages under 42 U.S.C. § 1981.

## VI

### Causes of Action

19. Defendant Reynolds & Kay, Ltd.'s acts and omissions pertaining to race discrimination and retaliation as set out above constitute violations of 42 U.S.C. § 1981.

## VIII

### Prayer for Relief

20. WHEREFORE PLAINTIFF PRAYS THAT THIS HONORABLE COURT:

   a. Enter declaratory judgment against Defendant Reynolds & Kay, Ltd. and in favor of Plaintiff Suell recognizing that Defendant has violated Plaintiff's rights guaranteed by 42 U.S.C. § 1981;

   b. Enter an injunction ordering Defendant Reynolds & Kay, Ltd. to reinstate Plaintiff Suell with full pay, or alternatively, award appropriate back pay and front pay;

   c. Enter judgment against Defendant Reynolds & Kay, Ltd. in favor of Plaintiff Suell for full compensatory damages, as well as appropriate back pay and front pay, if necessary;

   d. Enter judgment against Defendant Reynolds & Kay, Ltd. in favor of Plaintiff Suell for punitive damages in an amount sufficient to deter Defendant from similar misconduct against Plaintiff Suell and others;

  e.  Enter an award against Defendant Reynolds & Kay, Ltd. in favor of Plaintiff Suell to pay Plaintiff Suell reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 1988;

  f.  Grant Plaintiff Suell any and all additional relief to which he may be entitled.

            Respectfully Submitted,

            */s/ Alex A. Castetter*
            Alex A. Castetter
            Attorney for Plaintiff Suell
            Bar Card No. 00783808

            Stuckey, Garrigan & Castetter
            Law Offices
            2803 C North Street
            P.O. Box 631902
            Nacogdoches, Texas 75963-1902
            (936) 560-6020 / Fax: 560-9578
            Alex@sgclaw.org